**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**

| | |
|---|---|
| **Miclaus Radu Bogdan,** ) | **CASE NO. 1:18 CV 2538** |
| ) | |
| **Petitioner,** ) | **JUDGE PATRICIA A. GAUGHAN** |
| ) | |
| v. ) | |
| ) | **Memorandum of Opinion and Order** |
| **USA,** ) | |
| ) | |
| ) | |
| **Respondent.** ) | |

This is another *pro se* habeas corpus action under 28 U.S.C. § 2241 filed by Miclaus Radu Bogdan, a federal pre-trial detainee, in which he complains about conditions in the Cuyahoga County Jail. (Doc. Nos. 1, 4.)[1]

Federal district courts conduct initial review of habeas corpus petitions, and must dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4 of the Rules Governing Habeas Corpus Cases Under Section 2254 (applicable to § 2241 habeas corpus petitions pursuant to Rule 1(b)); *see also Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) ("the District Court has a

---

[1] This Court has already dismissed a § 2241 petition filed by petitioner pertaining to other alleged conditions in the Jail. *See Bogdan v. United States of America*, Case No. 1: 18 CV 2577 (Nov. 26, 2018).

duty to screen out a habeas corpus petition which should be dismissed for lack of merit on its face").

This petition must be summarily dismissed because it does not raise a claim that is cognizable under § 2241. Prisoners challenging the conditions of their confinement must do so through a civil rights action. A prisoner may not challenge the conditions of his confinement in a habeas corpus petition, as petitioner seeks to do here. *See Preiser v. Rodriguez*, 411 U.S. 475, 487–88 (1973); *Sullivan v. U.S.*, 90 F. App'x 862, 863 ( 6th Cir. 2004) ("[Section 2241 is a vehicle not for challenging prison conditions, but for challenging matters concerning the execution of a sentence such as the computation of good-time credits."). In order to seek relief for the alleged unconstitutional conditions, petitioner is required to file a civil rights action pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971).

Accordingly, petitioner is granted leave to proceed *in forma pauperis,* and his petition is dismissed pursuant to 28 U.S.C. § 2243 and Rule 4 of the Rules Governing Habeas Corpus Cases. The Court further certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

    /s/ Patricia A. Gaughan  
PATRICIA A. GAUGHAN  
United States District Judge  
Chief Judge

Dated: 1/7/19